## Ideas, Inc. v. Frankford Trust Company

*Albert Momjian*, for plaintiff.
*Christopher Rosser*, for defendant.

TAKIFF, *J.*, December 22, 1975—Plaintiff advertising agency filed a complaint in assumpsit against defendant trust company, claiming wrongful termination in breach of an alleged oral agreement for employment of plaintiff's advertising services, resulting in loss of profits. The complaint avers that on November 11, 1974, plaintiff, at defendant's request, prepared a tentative advertising budget for defendant for the year 1975, and that it was orally agreed between the parties that this budget would not reflect certain routine items, special budgets or free checking. After numerous meetings, on January 8, 1975, defendant issued the advertising budget which it proposed and the parties entered into an oral contract for advertising services for 1975 based on that budget, which, like the tentative budget, excluded routine matters, special budgets and free checking, for which defendant also contracted. In reliance on said oral contract, plaintiff performed advertising services for defendant through April 1975, at which time defendant terminated the contract contrary to the oral agreement. Defendant paid plaintiff $2,127 for 1975 services "but has refused to pay plaintiff the balance due and owing notwithstanding plaintiff's demands for same and plaintiff's willingness to continue servicing defendant's advertising needs."

Plaintiff demands judgment of $25,953 with costs and interest from April 8, 1975, the date of termination. (It is unclear whether any portion of this represents amounts owed for services rendered prior to April 8, 1975, rather than lost profits from wrongful termination.)

Defendant has filed preliminary objections in the nature of a motion for a more specific pleading, on three grounds: (1) that plaintiff did not identify which of defendant's agents contracted with plaintiff on behalf of defendant corporation; (2) that plaintiff did not specify the terms of the oral agreement, and (3) that plaintiff did not specify the manner in which the alleged damages are computed.

Plaintiff concedes that defendant is entitled to a more specific pleading which would identify the agent of defendant with whom plaintiff dealt and states in its answer to these preliminary objections that it will file an amended complaint containing those averments after the court has ruled on the remainder of defendant's preliminary objections.

The only terms of the oral agreement set forth in the complaint is the term (1975) and the advertising budget which was projected. The budget includes no figure for agency fee, nor does it indicate any percentage figure or other basis upon which such fee was to be computed. Plaintiff answers that the complaint is sufficiently specific in this regard because the advertising budget is quite detailed and because the terms of the contract between the parties are equally within the knowledge of defendant. Plaintiff asserts that defendant, by this motion, is improperly seeking evidence which would be more appropriately gathered by discovery. As defendant properly contends, this is an action on a contract, not on a budget. The items of the budget

are presented in detail, but in the absence of an averment as to the terms upon which plaintiff was to receive compensation, this motion for more specific pleading is proper.

By the same token, more specificity is required on the issue of damages. It is unclear from the complaint whether plaintiff bases its action solely on wrongful termination or whether there is also some claim for payments due with respect to services rendered.

## ORDER

And now, December 22, 1975, it is hereby ordered and decreed that the preliminary objections filed by defendant, Frankford Trust Company, are sustained, with leave granted to plaintiff to file a more specific complaint within 20 days from the date hereof.